**UNITED STATES of America, Plaintiff,**

v.

**MOUNTAINEER REFINING COMPANY and Marika Thayer, Defendants.**

No. 94–CV–0232–J.

United States District Court, D. Wyoming.

April 24, 1995.

William D Bagley, Cheyenne, WY, for Marika Thayer.

## ORDER GRANTING MOTION OF THE UNITED STATES FOR AN ORDER IN AID OF ACCESS and ENJOINING DEFENDANTS FROM RESTRICTING ENTRY AND ACCESS

ALAN B. JOHNSON, Chief Judge.

The plaintiff's Motion for an Order in Aid of Access came before the Court for hearing April 13, 1995. Appearing at the hearing for the United States of America were Carol Statkus, Lynn Penman, and Eduardo Quintana; appearing for defendant Mountaineer Refining Company was its president, Donald E. Thayer; appearing for defendant Marika Thayer was William D. Bagley. The Court, having considered the motion and the responses thereto, the arguments of counsel and the parties, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

In its motion filed pursuant to § 104(e) of Comprehensive Environmental Response, Compensation, and Liability Act of 1980, ("CERCLA"), Pub.L. No. 96–510, 94 Stat. 2767 (1980), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub.L. No. 99–499, 100 Stat. 1613 (1986), codified at 42 U.S.C. § 9601 et seq., the United States seeks an order granting the Environmental Protection Agency ("EPA"), its representatives, and Respondents to the Administrative Order on Consent, access to property owned by the defendants and located in Lincoln County, Wyoming. The United States explains that the site is subject to a CERCLA removal action undertaken pursuant to an Administrative Order on Consent ("AOC"). Access is sought for the purpose of concluding the removal action under the AOC, including tank decommissioning (cleaning), tank removal (either onsite or offsite, depending upon the condition of the tank), excavation of visually contaminated soil, treatment of excavated soil, verification sampling of soil, and investigation and delineation of the contaminated groundwater plume.

Lynn Penman, Dept. of Justice, Washington, DC, Carol A. Statkus, Asst. U.S. Atty., Cheyenne, WY, Eduardo Quintana, E.P.A., Denver, CO, for plaintiff.

Mountaineer Refinery Co., Donald D Thayer, LaBarge, WY, pro se.

Mountaineer Refinery, represented by its president Donald Thayer, has requested the Court to require the United States in its "immediate Order of Access to follow the law (CERCLA) and to not destroy its plant and tanks." During argument at the hearing, Donald Thayer expressed concern that the plant would be destroyed during the cleanup process and would not be operable following conclusion of the CERCLA cleanup.

Marika Thayer has resisted the motion for access to her property, arguing that she has not been afforded due process or the opportunity to defend herself or present evidence. She owns residential property that includes about 40 acres and contains her family home and garage. Her property is adjacent to the refinery site.

The United States argues that access is necessary to protect human health and the environment and that access to the site is authorized because the EPA has determined that a release or threatened release of hazardous substances occurred. The United States relies on the statutory language of CERCLA providing that the EPA shall have access to sites for purposes of investigation and cleanup. The United States also cites 42 U.S.C. § 9604, Section 104(e)(1) of CERCLA, as statutory authority providing for entry and undertaking response activities on property adjacent to a site where the EPA has determined that there may be a release or threat of release of a hazardous substance.

Where consent to entry is denied, under Section 104(e) of CERCLA, the EPA may issue an administrative order for access or proceed directly to district court to enforce its access authority. The United States argues that in considering the EPA's judicial request for access, the only inquiry to be made by the court is whether the EPA has a reasonable basis to believe there may be a release or a threat of release of a hazardous substance or pollutant or contaminant. Review, the United States argues, is limited to the administrative record under an arbitrary and capricious standard. The United States argues that the EPA's determination that there has been a release or threat of release of hazardous substances at the site is not arbitrary and capricious, that the EPA seeks access to the site for purposes authorized under CERCLA, and that the site falls within those properties which EPA and its representatives are authorized to enter under CERCLA.

Mr. Thayer, for the refinery, argues that the EPA is acting in excess of its statutory authority to accomplish purposes not authorized by CERCLA. He states that "the purpose of this access will be to conclude the removal action but not to dismantle and dispose of the plant and not to destroy the property." He presents additional arguments, including an argument that petroleum is excluded from CERCLA cleanups and that levels of contamination at the site are not as required by CERCLA. He states that the administrative record shows Mountaineer asked for, and was never given, a hearing to which it was entitled under the law. He also states that the threat of release of hazardous substances has been mitigated.

Marika Thayer also argues that the EPA has acted in excess of its statutory authority and that she was not notified of proceedings which resulted in the administrative order now sought to be enforced against her and her property. This failure has resulted in a deprivation of fundamental due process protections. She argues that there is no showing of a "reasonable basis to believe that there may be a release or threat of release of a hazardous substance or pollutant or contaminants" with respect to the property owned by Marika Thayer.

## Discussion

Section 104(e)(5) of CERCLA, 42 U.S.C. § 9604(e)(5), provides:

(5) Compliance Orders.—

(A) Issuance.—If consent is not granted regarding any request made by an officer, employee, or representative under paragraph (2), (3), or (4), the President may issue an order directing compliance with the request. The order may be issued after such notice and opportunity for consultation as is reasonably appropriate under the circumstances.

(B) Compliance.—The President may ask the Attorney General to commence a civil action to compel compliance with a

request or order referred to in subparagraph (A). Where there is a reasonable basis to believe there may be a release or threat of a release of a hazardous substance or pollutant or contaminant, the court shall take the following actions:

(i) In the case of interference with entry or inspection, the court shall enjoin such interference or direct compliance with orders to prohibit interference with entry or inspection unless under the circumstances of the case the demand for entry or inspection is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

(ii) In the case of information or document requests or orders, the court shall enjoin interference with such information or document requests or orders or direct compliance with the requests or orders to provide such information or document unless under the circumstances of the case the demand for information or documents is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

■ This section of CERCLA plainly provides that the United States may issue an administrative order after notice and opportunity for consultation *or* seek enforcement in district court of its request for entry to which consent has not been granted or of an administrative order issued after notice and opportunity for consultation. It is not necessary for the United States to obtain an administrative order as a precondition for bringing a civil action in the district court. *United States v. Charles George Trucking Co., Inc.,* 682 F.Supp. 1260, 1267 (D.Mass. 1988).

At the hearing and in its written pleadings, the United States argued that the applicable scope of review is limited to a review of the administrative record applying an arbitrary and capricious standard of review. The United States argues that Section 104(e)(5)(B) of CERCLA requires courts to enforce EPA access requests or orders where there is a reasonable basis to believe

there may be a release or threat of release of a hazardous substance or pollutant or contaminant, citing 42 U.S.C. § 9604(e)(5)(B). The United States further cites Section 113(j) of CERCLA, 42 U.S.C. § 9613(j) which provides:

(1) Limitation. In any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record. Otherwise applicable principles of administrative law shall govern whether any supplemental materials may be considered by the court.

(2) Standard. In considering objections raised in any judicial action under this chapter, the court shall uphold the President's decision in selecting the response action unless the objecting party can demonstrate, on the administrative record, that the decision was arbitrary and capricious or otherwise not in accordance with law.

The court in *United States v. Northside Sanitary Landfill, Inc.,* 18 Envtl.L.Rep. 20,-850, 1988 WL 147257 (S.D.Ind.1988), noted that federal courts are without jurisdiction to review challenges to removal or remedial actions except in certain limited circumstances, as set forth in 42 U.S.C. § 9613(h). That court stated that it was unable to examine the technical merits of the CERCLA response decision of the EPA, but continued by stating:

Notwithstanding that limitation, when the EPA seeks court-ordered compliance with an entry request, the district court hearing the motion is charged in § 9604(e)(5) with ensuring that the five statutory elements for court-ordered compliance are met.

First, the entry sought must be authorized under paragraphs (2), (3) or (4) of § 9604(e). See 42 U.S.C. § 9604(e)(5)(A). In the case at bar, the EPA's entry at Northside to effectuate a cleanup is authorized under paragraph 3. 42 U.S.C. § 9604(e)(3)(D). That authority, however, is not plenary, for the second element of the statute requires the EPA to request the landowner's consent to entry before seeking court-ordered compliance. 42 U.S.C. § 9604(e)(5)(A). Here, the EPA

fulfilled this requirement in November 1987 by a letter informing defendants of the need for closure and in January 1988 by discussion closure with defendants' attorneys[.] ...

The third element of the statute requires the EPA to demonstrate there is a reasonable basis to believe there may be a release of a hazardous substance, pollutant or contaminant from the site. 42 U.S.C. § 9604(E)(5)(B). Fourth, there must be some interference with the entry request before the court may order compliance. 42 U.S.C. § 9604(e)(5)(B)(I). And fifth, the demand for entry must not be arbitrary, capricious or an abuse of discretion....

1988 WL 147257, at *3 (footnotes and some citations to record omitted).

■ Other courts have held that federal courts, under CERCLA, have no jurisdiction to review a challenge to the EPA's clean-up activities until the United States brings an enforcement action in district court. *See, e.g., V.J. Scogin, Sr. v. United States Environmental Protection Agency, Region 6 (E.P.A.),* 1992 WL 10376 (E.D.La.1992). That limitation, however, does not apply to actions in which the United States simply seeks access to property for proper CERCLA purposes.

The Seventh Circuit Court of Appeals has reviewed the access request provisions of CERCLA. In *United States v. Fisher,* 864 F.2d 434, 438 (7th Cir.1988) the circuit court stated:

Recall that CERCLA, as amended by SARA, requires the district court to grant such equitable relief as may be required to assure the EPA's access to a site, provided only that the agency's demand for access, grounded in "a reasonable basis to believe there may be a release or threat of release of a hazardous substance," is not "arbitrary and capricious, an abuse of discretion," or otherwise illegal. This undemanding standard was amply satisfied not only by what the EPA's manager saw and smelled on the farm but by the inclusion—not contested by Fisher—of the Fisher-

Calo main site high on the National Priorities List.

*Id.* at 438.

Furthermore, when the EPA is seeking entry to property, CERCLA "makes no distinction between properties containing hazardous substances and those that are merely adjacent to such properties. The statute authorizes entry to '[a]ny ... property where entry is needed ... to effectuate a response action under this subchapter.' " *New Jersey Department of Environmental Protection v. Briar Lake Development Corp.,* 736 F.Supp. 62, 66 (D.N.J.1990), quoting *United States v. Charles George Trucking Co.,* 682 F.Supp. 1260, 1272 (D.Mass.1988).

■ As to the claims asserted by Mountaineer Refinery resisting the United States's request for access to refinery property, the Court finds that they are without merit. In reality, these assertions constitute a challenge to the response action or remedy selected by the EPA with respect to the clean-up of the refinery property. Those claims are matters over which this Court does not now have jurisdiction for the reason that they do not come within one of the five enumerated exceptions to 42 U.S.C. § 9604 and because this is not an enforcement action brought by the United States in this district court.

■ The refinery's substantive challenges to the remedies and responses selected by the EPA are not properly before this Court in the instant civil action. In this case, it is only the EPA's determination that there is a release or threatened release of hazardous substances that is subject to review under an arbitrary and capricious standard, not the response action itself. *See United States of America v. Standard Equipment, Inc.,* No. C83–252M (W.D.Wash. Nov. 3, 1986) (not reported). Furthermore, the refinery has not disputed the EPA's finding that there has been a release of hazardous substances on the site. Contrary to the defendant's assertions, there is no minimum level of hazardous substances that must exist in order for CERCLA to be applicable. The record supports clearly the finding that there has been a release of hazardous substances at the

site which is the subject of this CERCLA removal action.

Marika Thayer argues that the United States cannot obtain access to her property, adjacent to the refinery site, because it is not part of the site subject to the AOC. While acknowledging that the EPA has broad authority under CERCLA, she argues that the United States has exceeded that authority and has acted in an arbitrary and capricious manner. She maintains that the EPA issued the administrative order without notice to her and without providing her an opportunity to respond or present evidence. She states that records indicate that she was not a party to the prior proceedings giving rise to the AOC and that her property is not part of the Mountaineer Refinery site.

■ This Court disagrees with Marika Thayer's contentions. Under CERCLA, the United States has the option of issuing an administrative order or proceeding in district court, as discussed more fully above. One of the elements that must be considered, applying the rationale and analyses of the courts in *United States v. Northside Sanitary Landfill, Inc.*, 18 Envtl.L.Rep. 20,850, 1988 WL 1437257 (S.D.Ind.1988) and *United States v. Charles George Trucking Co., Inc.*, 682 F.Supp. 1260, 1267 (D.Mass.1988), is whether the EPA has requested the landowner's consent to entry. In this case, Marika Thayer's consent to entry on her property was requested, and refused. Marika Thayer is, during the instant civil action, afforded her full panoply of due process rights, including notice and opportunity to be heard.

■ Additionally, CERCLA permits entry onto adjacent property in order to effectuate a response plan or to implement the revised work plan. It is not necessary that hazardous substances be found on property adjacent to a cleanup site as a predicate for issuance of an access order. To hold otherwise ignores the plain language of Section 104(e)(3) of CERCLA, which provides:

> (3) Entry.—Any officer, employee, or representative described in paragraph (1) is authorized to enter at reasonable times any of the following:
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (D) Any vessel, facility, establishment, or other place or property where entry is needed to determine the need for response or the appropriate response or to effectuate a response action under this title.

■ This Court also finds that it has no jurisdiction to consider Marika Thayer's claim that granting the United States access to her adjacent property constitutes a compensable taking. If she has a cognizable claim for compensatory damages, it is within the jurisdiction of the United States Court of Claims. *See e.g., V.J. Scogin, Sr. v. United States Environmental Protection Agency Region 6 (E.P.A.)*, 1992 WL 10376, at &ast;2 (E.D.La.1992).

This Court finds that entry is sought by the United States for an authorized purpose of remediation; the request for entry has been issued by the EPA; the site in Lincoln County is a place where entry is authorized under § 9604(e)(3); the EPA has a reasonable basis to believe that hazardous pollutants and contaminants have been and will continue to be released from the site; the EPA's request for entry has been denied by the defendants; the demand for entry is not arbitrary and capricious, an abuse of discretion or otherwise illegal. This Court also specifically finds that the United States seeks access to Marika Thayer's adjacent property for a proper purpose, including determining the need for response and effectuating a response action under CERCLA.

Accordingly, under the undemanding standard set forth above, this Court finds that the motion filed by the United States should be granted and that an order in favor of the United States should be entered granting access to the defendants' property pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604(e)(5)(B), and granting permission to the EPA and its representatives, including the Respondents to the Administrative Order on Consent, to:

> Enter on and into, move about and remain on or about the site and adjacent property owned by the defendants, Mountaineer Refinery Company and Marika Thayer, including all structures thereon

for the purposes of completing all removal activities at the Site and the adjacent property, including *inter alia*, tank decommissioning (cleaning), tank removal (either onsite or offsite, depending upon the condition of the tank), excavation of visually contaminated soil, treatment of excavated soil, verification sampling of soil, and investigation and delineation of the contaminated groundwater plume, and all other activity which the EPA deems necessary to complete the removal action at the Site and the adjacent property to the Site.

The Court further finds that defendants Mountaineer Refinery and Marika Thayer should be permanently enjoined from in any way restricting entry and access by the EPA and its representatives, including the Respondents to the Administrative Order on Consent, to the defendants' property for the activities described above. It is therefore

**ORDERED** that the Motion of the United States for an Order in Aid of Access shall be, and is, **GRANTED.** It is further

**ORDERED** that the EPA and its representatives, including the Respondents to the Administrative Order on Consent, may enter on and into, move about and remain on or about the site and adjacent property owned by the defendants, Mountaineer Refinery Company and Marika Thayer, including all structures thereon for the purposes of completing all removal activities at the Site and the adjacent property, including *inter alia*, tank decommissioning (cleaning), tank removal (either onsite or offsite, depending upon the condition of the tank), excavation of visually contaminated soil, treatment of excavated soil, verification sampling of soil, and investigation and delineation of the contaminated groundwater plume, and all other activity which the EPA deems necessary to complete the removal action at the Site and the adjacent property to the Site. It is further

**ORDERED** that defendants Mountaineer Refining Company and Marika Thayer shall be, and are, permanently enjoined from in any way restricting entry and access by the EPA and its representatives, including the Respondents to the Administrative Order on

Consent, to the defendants' property for the activities described above.